IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                  16-CR-45-V

DANIEL BADU,

              Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government hereby adopts all findings of the Presentence Report with respect to sentencing factors in this action. The government notes that it understands from conversations with the United States Probation Office that a revised Presentence Report will be filed with, among other things, some updates to the credits against loss calculation.

Pursuant to the plea agreement and United States Sentencing Guidelines Section 2B1.1, Application Note (E) Credits Against Loss, the loss amount shall be reduced by either (ii) the amount the victim has recovered at the time of sentencing from disposition of the collateral; or (iii) if the collateral has not been disposed of by the time of sentencing, the loss amount will be reduced by the fair market value of the collateral as of the date on which the defendant's guilt was established. See Dkt. 3 at ¶¶ 7 and 16.  Because the true loss amount could not be calculated at the time of the change of plea hearing due to the fact that the collateral could be disposed of after the plea but before sentencing, the government and defendant agreed in the plea agreement to list the total value of the fraudulent loans, namely

$1,271,851, and cited the Application Note discussed above concerning credits against loss. The Presentence Report goes through this calculation for each property and is expected to file a revised Presentence Report with updates to the credits against loss calculation. The government agrees with its findings concerning the loss amounts. Thus, even though the loss figures contained in the Presentence Report differ from the amount listed in the plea agreement, the government believes they accord with the language and intent of the plea agreement and the referenced Application Note.

The government notes that the defendant was involved as purchaser on two of the subject transactions: (1) 814 Faile Street, Bronx, New York; and (2) 823 E. 218th Street, Bronx, New York.

To be clear, to date, the loss amounts have been calculated as follows for the two properties at issue for this defendant:

| Property | Loss Amount | Loss Calculation |
|---|---|---|
| 814 Faile Street | $100,308.23 to M&T | Credit against loss for fair market value of the residence of $470,000 |
| 823 E. 218th Street | $367,799.60 to Metlife $9,227.57 to Chase | Based on sale of collateral from Metlife to Chase and then sale from Chase to Varde where each bank sold the property for a loss |
| TOTAL | $477,335.40 | |

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

Restitution must be ordered by the Court. Note that the United States Probation Office has calculated restitution at the full value of the outstanding principal balance of each loan. However, the plea agreement contemplated that the restitution amount would be offset with credits against loss, just as was done with the loss calculation discussed above, pursuant to United States Sentencing Guidelines Section 2B1.1, Application Note (E) Credits Against Loss. To the extent that the plea agreement differs from the Presentence Report, the government is bound to advocate for the calculation in the plea agreement. See United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999).

For the two properties involved with this defendant, as of today's date, the government calculates the current restitution figures as follows:

| Associated with Property | Entity Restitution is Owed to | Amount |
| --- | --- | --- |
| 814 Faile Street | M&T | $100,308.23 |
| 823 E. 218th Street | Metlife | $367,799.60 |
| 823 E. 218th Street | Chase | $9,227.57 |

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

DATED:  Buffalo, New York, March 27, 2019.

                       JAMES P. KENNEDY, JR.
                       United States Attorney

BY:   */s/ELIZABETH R. MOELLERING*
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York   14202
       716/843-5872
       elizabeth.moellering@usdoj.gov